UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN ALLEN CARY,**  Plaintiff,  v.  **GRAHAM ALLEN and AARON DUNGY,**  Defendants. | 2:21-cv-10415-TGB  OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE |

Plaintiff Bryan Allen Cary, presently incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan, has filed this *pro se* civil rights complaint. He alleges two Michigan Department of Corrections parole agents were deliberately indifferent to assaults, threats, and attempts on his life, and refused to permit him to relocate to another county or state. Cary further alleges that he was forced to violate parole intentionally out of the belief he would be safer in prison, but continues to be assaulted and threatened in prison.

Because Cary has filed an application to proceed i*n forma pauperis* despite having previously filed more than three cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim

upon which relief can be granted, his application must be denied and the case dismissed without prejudice for failure to pay the filing fee. 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), "a prisoner [who] brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The statute provides prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

However, under the PLRA, prisoners may not proceed *in forma pauperis* in a civil action if they have "on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A federal district court may raise the three-strikes provision of the PLRA *sua sponte. Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997).

The "imminent danger" exception to the three-strikes rule requires the plaintiff allege that "the threat or prison condition [is] real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). A plaintiff asserting this exception must comply with the "ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir.2011)). That is, he "need[] only to assert allegations of imminent danger; he need not affirmatively prove" them. *Id.* (citing *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012)). A mere invocation of past dangers will not meet the exception. *Id.* (citing *Rittner*, 290 F. App'x at 797) (other citations omitted). Nor do allegations of danger which are "conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Id.* (citing *Rittner*, 290 F. App'x at 798).

In *Vandiver*, the Sixth Circuit declined to reach the question "whether § 1915(g) incorporates a nexus requirement" between a prisoner's allegations of imminent danger "and the legal claims asserted

3

in his complaint." *Vandiver*, 727 F.3d at 588 (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). However, *Shephard v. Clinton*, 27 F. App'x 524 (6th Cir. 2001), which required a plaintiff "describe the relationship between the alleged [imminent] danger and the claims contained in the underlying complaint[,]" remains good law. *Id.* at 525. *See also Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) ("Given the lack of any controlling authority rejecting the nexus requirement," denial of *in forma pauperis* status was proper because the plaintiff's "complaint failed to tie his legal claims to his allegations of spine disease and resulting pain."); *Smith v. Christiansen*, No. 2:20-CV-13202, 2021 WL 37732, at *2 (E.D. Mich. Jan. 5, 2021) (Tarnow, J.) (collecting cases and denying a three-striker *in forma pauperis* status due to a lack of connection between his imminent danger allegations and the subject of his legal claims).

Here, Cary maintains that he is under attack and experiencing continued death threats and other threats of harm in prison. ECF No. 1, PageID.17-18. He has thus alleged a danger in existence at the time he filed his complaint. However, the threats against him in the prison system are not related to his claims against the defendants.

4

Cary alleges that Defendants Allen and Dungy were deliberately indifferent to the threats against him and failed to protect him while he was out of prison and on parole from January to May 2019. Compl., ECF No. 1, PageID.6, 8, 16. Cary admits he intentionally violated parole, which caused his return to prison. *Id.* at PageID.8, 17. He does not suggest Allen and Dungy, agents in the Jackson, Michigan area, have any connection to the current attacks and threats against him at Macomb Correctional Facility.[1]

Further, Cary has previously filed at least three civil actions in federal court that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Cary has also previously filed cases that were dismissed pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g). *See, e.g., Cary*

---

[1] Cary also alleges that a state employee tried to involve him in a "murder hit," the target for which was in prison. ECF No. 1, PageID.17. He also states, "there is literally a few hundred gang members in prison that want the $60,000 reward out on Cary's life." *Id.* at PageID.17-18. These allegations appear "delusional and . . . wholly incredible[,]" *Vandiver*, 727 F.3d at 585, but are not the basis of the Court's denial of Cary's *in forma pauperis* application.

*v. Pavitt*, No. 2:19-CV-13397, 2019 WL 7020352, at *2 (E.D. Mich. Dec. 20, 2019); *Cary v. Sgt. Peterson*, No. 19-cv-13393 (E.D. Mich. Nov. 27, 2019); *Cary v. Parole Bd., et al.*, No. 19-cv-12634 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

Although Cary's assertion of continued attacks in prison indicate he may be under threat, those circumstances have no relationship to his legal claims against the defendants. Accordingly, he does not fall within the imminent-danger exception to 28 U.S.C.§ 1915(g). And because Cary has on more than three prior occasions filed complaints that were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim, he is barred by § 1915(g) from proceeding *in forma pauperis* in the instant case.

Accordingly, it is hereby **ORDERED** that Plaintiff Bryan Cary's *in forma pauperis* application is **DENIED** and the Complaint is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). Should Cary wish to pursue this lawsuit, he must re-file his Complaint along with the full filing fee. It is further **ORDERED** that

any appeal taken by Cary would not be done in good faith and a certificate of appealability is thus **DENIED**.

    **SO ORDERED.**

                                                  _s/Terrence G. Berg_
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 26, 2021